Michael G. Williamson, Chief United States Bankruptcy Judge
THIS CASE came on for hearing on July 11, 2019, at 10:30 a.m., on Carolina *514 Preservation Partners, Inc. and Douglas Smith's Motion for Contempt.[1] The tortured history of this case, which spans a quarter century, is too complicated to recount here. For purposes of this Order, it is enough to say that when the Debtor filed this chapter 7 case, his 80% limited partnership interest in Wolf's Lair, Ltd., which owned 1,400 acres of land in North Carolina, became property of the bankruptcy estate. Later, the Debtor's 20% general partnership interest in Wolf's Lair likewise became part of the bankruptcy estate. Ultimately, the chapter 7 trustee administered the estate's 100% interest in Wolf's Lair.[2]
Even so, the Debtor sued the chapter 7 trustee, along with Carolina Preservation Partners and Douglas Smith, in North Carolina seeking a declaration that he is the sole owner of the 80% limited partnership interest and the 20% general partnership interest in Wolf's Lair.[3] The complaint also includes other counts to (among other things) remove alleged clouds on the title to the 1,400 acres of property owned by Wolf's Lair and to seek a constructive trust over the 1,400 acres of land and Wolf's Lair.[4] All the counts in the complaint are predicated on two central allegations: (1) at all times, the Debtor has owned the 80% limited partnership and 20% general partnership interests in Wolf's Lair; and (2) Wolf's Lair never became part of the bankruptcy estate.
Because those two allegations were untrue, Carolina Preservation Partners and Douglas Smith asked this Court to reopen this bankruptcy case and find that Carolina Preservation Partners acquired the 80% limited partnership interest in Wolf's Lair; the chapter 7 trustee became the owner of the 20% general partnership interest in Wolf's Lair; and that WLAE, LLC acquired 100% of Wolf's Lair under a settlement agreement with the chapter 7 trustee.[5] Although the Debtor initially challenged the request to reopen this case, he never challenged the specific findings that Carolina Preservation Partners and Smith requested. So on September 28, 2017, Judge Glenn, who previously presided over this case, entered an order[6] clarifying that:
• as of the petition date, the Debtor owned an 80% limited partnership interest in Wolf's Lair and that the limited partnership interest became part of the bankruptcy estate
• the Debtor also owned a 20% general partnership interest in Wolf's Lair and that the general partnership interest became part of the bankruptcy estate.
• the chapter 7 trustee administered the Debtor's 80% limited partnership interest
• the chapter 7 trustee administered the Debtor's 20% general partnership interest
• the 1,400 acres of land (along with associated timber rights) belonged to Wolf's Lair or its successor
• The Debtor signed a written satisfaction of all obligations the Trustee owed to him.[7]
*515 In response, the Debtor asked the Court to find that Wolf's Lair continued to own the 1,400 acres (and the timber rights) or, in the alternative, to grant him leave under the Barton doctrine to sue the chapter 7 trustee to quiet title.[8] Judge Glenn declined the Debtor's request. And the Debtor appealed. On appeal, the district court affirmed Judge Glenn's six findings, as well as his refusal to grant leave under the Barton doctrine.[9]
So what was the state of affairs after the ruling on appeal? The Debtor had a lawsuit pending in North Carolina that was predicated on allegations that he, at all times, owned both the 80% limited partnership interest and the 20% general partnership interest in Wolf's Lair. But the district court had just affirmed Judge Glenn's order finding that the Debtor's 80% limited partnership interest and 20% general partnership interest became property of the estate; that the chapter 7 trustee sold the 80% limited partnership interest and 20% general partnership interest in Wolf's Lair; and that the 1,400 acres of land and any timber rights belonged to Wolf's Lair or its successor.
There's no question, then, that the district court order affirming Judge Glenn's six findings negated the central allegations of the Debtor's North Carolina action. Not to mention the district court affirmed Judge Glenn's refusal to grant the Debtor leave under the Barton doctrine to sue the chapter 7 trustee. Given that, Carolina Preservation Partners and Smith requested that the Debtor dismiss the North Carolina action.[10] The Debtor refused.[11] Carolina Preservation Partners and Smith now seek to hold the Debtor in contempt.
This Court has the inherent power to hold a party in contempt if necessary to enforce compliance with its orders.[12] In order for the Court to hold the Debtor in contempt for violating one of its orders, Carolina Preservation Partners and Smith must show by clear and convincing evidence that a lawful order existed; the order was clear, definite, and unambiguous; and the Debtor had the ability to comply with the order but failed to do so.[13]
Here, Judge Glenn expressly declined to grant the Debtor permission to sue the chapter 7 trustee and expressly found that the Debtor's 80% limited partnership interest and 20% general partnership interest in Wolf's Lair became part of the bankruptcy estate and were later administered by the chapter 7 trustee. Once Judge Glenn's rulings were affirmed on appeal, the Debtor had one obligation: dismiss his North Carolina action. The Debtor obviously had the ability to do so. But, despite Judge Glenn's unambiguous rulings, the Debtor refused to dismiss his North Carolina action.
Accordingly, it is
ORDERED :
1. The Motion is GRANTED.
2. The Debtor is hereby in contempt of this Court's prior orders.
3. To purge his contempt, the Debtor must dismiss the North Carolina action styled Wolf Arbin Weinhold, et al. v. Douglas A. Smith, et al. , Case No. 17-CVS-958, pending in the General Court of *516 Justice, Superior Court Division, Henderson County, North Carolina, with prejudice.
4. The Debtor must also dismiss with prejudice the claims he filed in the lawsuit pending in Sarasota County, Florida, styled Douglas A. Smith v. Wolf Arbin Weinhold , Case No. 2012-CA-003187-NC.
5. The North Carolina action and the claims in the Sarasota action must be dismissed within 30 days of this Order. If the Debtor fails to dismiss the North Carolina action and his claims in the Sarasota action with prejudice within 30 days of this Order, he will be fined $1,000 per day until he complies with this Ordere. If the $1,000 per day fine is not sufficient to promptly ensure compliance with this Order, the Court will issue a bench warrant for the Debtor's arrest.
6. The Court retains jurisdiction to enforce this Order.

Doc. No. 470 ("Motion").

Carolina Preservation Partners acquired the 80% limited partnership interest in Wolf's Lair; WLAE, LLC acquired the 20% general partnership interest in Wolf's Lair.

Doc. 422, Ex. A.

Id.

Id. ; Doc. 429.

Doc. No. 430.

Doc. No. 406.

Doc. 434.

Doc. 469.

Doc. 470, Ex. B.

Doc. 470, Ex. C.

In re Ocean Warrior, Inc. , 835 F.3d 1310, 1316-17 (11th Cir. 2016).

SEC v. Kirkland , 2007 WL 2381543, at *3 (M.D. Fla. 2007).